UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA M. RHONEY,

                                 Plaintiff,                 08-CV-0097A(Sr)

v.

UNITED STATES OF AMERICA,

                                 Defendant.

---

## REPORT RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

Currently before the Court is plaintiff's motion for partial summary judgment as to the issue of negligence and proximate cause. Dkt. #13. For the following reasons, it is recommended that plaintiff's motion be denied.

## BACKGROUND

The evidence submitted by plaintiff in support of her motion for summary judgment demonstrates that at approximately 11:44 a.m. on February 6, 2006, Dennis Long was engaged in his occupation as a letter carrier for the United States Post Office when the vehicle he was driving down Ferry Avenue in the City of Niagara Falls moved

from the driving lane to the passing lane of Ferry Avenue and struck plaintiff's vehicle at the 20th block of Ferry Avenue. Dkt. #13, pp. 30-31 & Dkt. #13-2, pp.3-4.

At his deposition, Mr. Long testified that he was driving approximately 20 miles per hour on the one-way, two-lane street and that he had activated his blinker and looked in the mirrors before changing lanes but did not see plaintiff's vehicle. Dkt. #13, pp.5-6; Dkt. #13-2, p.1. Upon impact, Mr. Long "looked through the side window" and "observed a car going by me, a young lady who . . . was going by me at a high rate of speed . . . and talking on her telephone." Dkt. #13-2, p.7.[1] He estimated that plaintiff was traveling 40 miles per hour in a 30 mile-per-hour zone. Dkt. #13-2, p.12.

Mr. Long applied the brakes and observed plaintiff's vehicle proceed past him in the passing lane, brake, veer to the left and strike a street sign. Dkt. #13-2, p.8. Mr. Long pulled his vehicle behind hers and engaged the emergency flashers. Dkt. #13-2, p.9. He got out of his vehicle and walked up to plaintiff's vehicle, waiting approximately 10-15 seconds for her to finish her telephone call. Dkt. #13-2, p.9. Plaintiff informed Mr. Long that she was going to be late for an examination. Dkt. #13-2, p.10. Mr. Long contacted the police and his supervisor. Dkt. #13-2, p.11.

---

[1] The evidence submitted by defendant in opposition to plaintiff's motion for summary judgment includes deposition testimony by Mr. Long that he observed plaintiff holding her cell phone to her ear in her right hand; deposition testimony by plaintiff denying that she was talking on her cell phone prior to the accident and cell phone records indicating a two-minute call at 11:43 a.m. on February 6, 2006. Dkt. #18, p.9 & Dkt. #18-2, pp.20 & 25.

At her deposition, plaintiff testified that she turned into the left lane of Ferry Avenue from 17th Street, observed the postal vehicle in the right lane slightly ahead of her, then observed the postal vehicle enter her lane and impact her vehicle. Dkt. #13-2, p.30. Plaintiff testified that she was traveling 35 miles per hour. Dkt. #13-2, p.31. She was on her way to an examination given by the Transportation Securities Administration. Dkt. #13-2, p.32.

The police report indicates the following::

> [Dennis Long] states that he was traveling east on Ferry Ave and attempted to change lanes from the right to the left where he struck [Lisa Rhoney's vehicle] which must have been in his blind spot. [Lisa Rhoney] stated she was eastbound in the left lane of Ferry Ave when [Dennis Long's vehicle] changed lanes striking her vehicle causing it to go left and strike a street sign at 21st & Ferry Ave. No injuries reported.

Dkt. #13, p.8. Neither vehicle was towed. Dkt. #13, p.8.

Plaintiff commenced this personal injury action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and the United States admits that Mr. Long was acting in the course of his employment with the United States Postal Service when the incident occurred. Dkt. #13, pp.16 & 18-19, ¶ 3.

## DISCUSSION AND ANALYSIS

Plaintiff argues in an affidavit that Mr. Long

> was negligent in failing to see what was there to be seen and in making an unsafe lane change. New York Pattern Jury Instructions, Third Edition, 2:77; Vehicle and Traffic

> Law Section 1128(a). Similarly, it cannot be disputed that
> his negligence was a proximate cause of the resulting
> impact. Therefore, partial summary judgment in favor of the
> Plaintiff and against the Defendant is appropriate on these
> issues.

Dkt. #13, p.5, ¶ 21. Plaintiff further argues that

> Whether or not the Plaintiff was speaking on her cell phone
> or speeding are not relevant to these issues and, in any
> event, even assuming these allegations are true, given that
> the Defendant swerved into her vehicle while changing
> lanes, those behaviors could not be considered a proximate
> cause of the accident.

Dkt. #13, p.6, ¶ 22.

Defendant opposes the motion on the ground that plaintiff failed to file either a statement of facts as to which there is no dispute or a memorandum of law as required by the Local Rules of Civil Practice. Dkt. #16. Defendant also argues that summary judgment is inappropriate because "there are triable issues of fact as to the nature and extent of plaitniff's comparative negligence." Dkt. #16, p.6. Defendant argues that plaintiff was "negligent *per se* in that she violated the law by speeding and using her cell phone at the time of the accident." Dkt. #16, p.6.

"The liability of the federal government under the FTCA is generally determined by state law." *Taylor v. U.S.*, 121 F.3d 86, 89 (2d Cir. 1997). When an action is based upon a claim of negligence, the plaintiff will generally be entitled to summary judgment only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct

either was not really involved (such as with a passenger), or was clearly of exemplary prudence under the circumstances presented. *Andre v. Pomeroy*, 35 N.Y.2d 361, 365 (1974). In other words, the plaintiff must establish that the defendant driver's negligence in the operation of his vehicle was the sole proximate cause of the accident. *Hopkins v. Haber*, 39 A.D.3d 471 (2d Dep't 2007). "Where comparative negligence may have contributed to an accident, summary judgment will be precluded." *Karash v. Adetunji*, 56 A.D.3d 726, 727 (2d Dep't 2008).

Summary judgment is not warranted in the instant case because the evidence submitted by plaintiff in support of her motion for summary judgment suggests that plaintiff was traveling between 35 and 40 miles per hour in a 30 mile-per-hour zone and may have been talking on a cell phone at the time of the accident. Dkt. #13-2, pp.7, 9-10, 12 & 31. This evidence raises a triable issue of fact as to whether plaintiff's speed and/or inattentiveness contributed to the accident. *See Salmonese v. Gulli*, 64 A.D.3d 563, 563-564 (2nd Dep't 2009) ("evidence submitted by plaintiff in support of the motion . . . failed to demonstrate the absence of a triable issue of fact . . . as to whether the plaintiff was operating his motor vehicle at an excessive rate of speed . . . and whether that conduct was a proximate cause of the accident."); *Ruthinoski v. Brinkman*, 63 A.D.3d 900 (2nd Dep't 2009) ("Although the defendant established that the plaintiff's act of crossing over a double yellow line into an opposing lane of traffic was negligent as a matter or law, the defendant did not demonstrate that the plaintiff's conduct was the sole proximate cause of the accident."); *Cox v. Nunez*, 23 A.D.3d 427 (2d Dep't 2005) (evidence that defendant failed to stop at the stop sign would not preclude a finding that

the driver of the car in which plaintiffs were passengers failed to use reasonable care to avoid the collision).

## **CONCLUSION**

For the foregoing reasons, it is recommended that plaintiff's motion (Dkt. #13), for partial summary judgment as to the issue of negligence and proximate cause be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to plaintiff and to counsel for defendants.

**SO ORDERED.**

DATED: Buffalo, New York
January 27, 2010

 s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**